**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 00-4043

JOSEPH MORRIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-4)

Submitted: August 10, 2000

Decided: September 6, 2000

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David Schles, STOWERS & ASSOCIATES, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Steven
I. Loew, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Morris was convicted pursuant to his guilty pleas of money laundering and tax evasion. On appeal, he alleges that the district court plainly erred by failing to group his offenses for sentencing purposes and in its calculation of his base offense level for money laundering. Morris also asserts that his trial counsel rendered ineffective assistance by failing to raise these issues at sentencing and by failing to move for a downward departure pursuant to USSG§ 5K2.0, p.s.,* based on the unfair effect of the money laundering guidelines. Finding no reversible error, we affirm.

Morris was the president and fifty-percent owner of two corporations (collectively identified as "North American"). North American's principal business was industrial and commercial painting, primarily for the state of West Virginia.

In 1996, North American took out a line of credit with a local bank, using certain existing and future receivables as security. The record shows that Morris submitted inflated invoices to the state and then used these same invoices to obtain funds from the bank on the line of credit. The record further shows that Morris diverted funds from the line of credit and payments from the state, which should have been paid to the bank, to personal and corporate accounts. The parties stipulated at sentencing that Morris diverted a total of approximately $588,000 to personal and corporate use.

Morris was also convicted of tax evasion because he failed to pay over $200,000 in taxes withheld from employees' wages. In addition, Morris failed to report as income the amount of money diverted from the bank. While this latter misconduct was not part of the offense of

_____

*U.S. Sentencing Guidelines Manual (1998).

2

conviction, it was used as a specific offense characteristic to increase Morris' base offense level for tax evasion pursuant to USSG § 2T1.1(b)(1).

Because Morris failed to challenge the calculation of his sentence before the district court, we review his first two claims for plain error and find none. See United States v. Walker, 112 F.3d 163, 165 (4th Cir. 1997). The victims, harms, and conduct for the offenses of conviction were different. As a result, the offenses were not closely related, and the grouping rule found in USSG § 3D1.2(c) did not apply. See United States v. Vitale, 159 F.3d 810 (3d Cir. 1998). Likewise, we find no merit in Morris' claim that the district court improperly included uncharged bank fraud amounts in its calculation of the amount of loss attributable to money laundering fails because the parties stipulated at sentencing that Morris laundered approximately $588,000, and the court properly used this amount to calculate his sentence.

Finally, we review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "`conclusively appears'" on the record. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995) (internal quotation marks omitted). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. See id. Because Morris' substantive claims fail, we find that counsel was not clearly deficient for not raising them. We further find that Morris fails to show that he certainly would have prevailed had counsel filed a motion under USSG § 5K2.0.

Accordingly, we affirm Morris' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

3